NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE GORNEY, | No. 14-16753 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-00023-CKJ |
| v. | |
| ARIZONA BOARD OF REGENTS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Dale Gorney appeals pro se from the district court's judgment dismissing his

employment action alleging federal and state law claims arising from his

termination.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo

the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).   We may affirm on any basis supported by the record.   *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).   We affirm.

Dismissal of Gorney's action was proper as precluded by Arizona's doctrines of res judicata and collateral estoppel because Gorney's claims were already raised or could have been raised in his prior administrative proceeding, and the issue of whether Gorney was properly discharged was litigated during his agency appeal.   *See Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999) (claims or defenses that were raised or could have been raised in administrative hearing were barred by res judicata in subsequent litigation); *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410-11 (9th Cir. 1990) (collateral estoppel precluded party from relitigating whether physician's license was properly revoked because issue was litigated in prior administrative proceeding).

We reject as meritless Gorney's contentions regarding undue prejudice and delay caused by defendants' removal to federal court.

**AFFIRMED.**

2                                                                                          14-16753